IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHAMES DELAHAYE, Individually and on Behalf of All Others Similarly Situated**     **PLAINTIFF**

vs.     No. 5:22-cv-11341

**PILGRIM AUTO, LLC, and MARTIN YOUNCE**     **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Shames Delahaye ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Defendants Pilgrim Auto, LLC, and Martin Younce (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Michigan Workforce Opportunity Wage Act, MCL § 408.931, *et seq.* ("WOWA").

2. Plaintiff seeks a declaratory judgment, monetary and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper wages under the FLSA and the WOWA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the WOWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's WOWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of the Eastern District of Michigan; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.    THE PARTIES

6. Plaintiff is an individual and resident of Wayne County.

7. Separate Defendant Pilgrim Auto, LLC ("Pilgrim Auto"), is a domestic limited liability company.

8. Pilgrim Auto's registered agent for service of process is Martin Younce at 280 Ann Arbor Road, Plymouth, Michigan 48170.

9. Separate Defendant Martin Younce ("Younce") is an individual and resident of Michigan.

### IV.    FACTUAL ALLEGATIONS

10. Younce is a principal, director, officer, and/or owner of Pilgrim Auto.

11. Younce took an active role in operating Pilgrim Auto and in the management thereof.

12. Younce, in his role as an operating employee of Pilgrim Auto, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined Plaintiff's work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

13. Defendants own and operate auto repair shops in Michigan.

14. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as auto parts.

15. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Complaint.

16. Defendants are employers within the meaning of the FLSA and have been, at all times relevant herein, Plaintiff's employers.

17. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

18. Defendants employed Plaintiff as a Mechanic from May of 2021 until April of 2022.

19. Defendants classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

20. Defendants also employed other Mechanics, and these other Mechanics had the same or similar duties as Plaintiff.

21. Defendants also classified other Mechanics as independent contractors.

22. Defendants directly hired Plaintiff and other Mechanics, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Plaintiff and other Mechanics were hired to work for Defendants for a continuous and ongoing period of time.

24. Plaintiff and other Mechanics did not financially invest in Defendants' business.

25. Plaintiff and other Mechanics did not share in Defendants' profits or losses.

26. Defendants, not Plaintiff or other Mechanics, set the prices for the automobile repair work that Plaintiff and other Mechanics performed.

27. Defendants determined Plaintiff's and other Mechanics' pay scale for services without input from or negotiation with Plaintiff and other Mechanics.

28. Defendants, not Plaintiff or other Mechanics, made decisions regarding hiring and firing and determined how many Mechanics to hire and fire.

29. Plaintiff and other Mechanics did not select any employees to hire or fire, did not hire or fire any employees, and did not have the ability to hire or fire employees.

30. Plaintiff and other Mechanics did not have any control of or authority over any employee's rate of pay or working hours.

31. Defendants made decisions on advertising Defendants' business without Plaintiff's and other Mechanics' input.

32. Plaintiff and other Mechanics performed all of their work as Mechanics on Defendants' premises.

33. Defendants set Pilgrim Auto's policies and rules and had complete control over the business.

34. Plaintiff and other Mechanics were required to wear a uniform provided by Defendants.

35. Defendants required Plaintiff and other Mechanics to follow Defendants policies and rules.

36. Plaintiff regularly worked over 40 hours in a week for Defendants.

37. Upon information and belief, other Mechanics also regularly or occasionally worked over 40 hours in a week during their employment with Defendants.

38. Defendants did not pay Plaintiff and other Mechanics 1.5x their regular hourly rate for hours worked over 40 each week.

39. Plaintiff and other Mechanics are entitled to 1.5x their regular hourly rate for hours worked over 40 each week.

40. Defendants knew or should have known that Plaintiff and other Mechanics were working hours for which they were not paid an overtime premium.

41. Defendants did not pay Plaintiff for all hours worked.

42. Upon information and belief, Defendants regularly artificially reduced Plaintiff's hours so that his paycheck reflected fewer hours than he actually worked.

43. Defendants refused to pay Plaintiff for the last two weeks of work.

44. Plaintiff was therefore denied a minimum wage for his last two weeks of employment.

45. At all relevant times, Defendants knew or should have known that the FLSA and WOWA applied to the operation of Defendants' business.

46. Defendants knew, or showed reckless disregard for whether, the way they paid and failed to pay Plaintiff and other Mechanics violated the FLSA and the WOWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

47. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendants within the applicable

statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over 40 each week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

48.    Plaintiff proposes the following collective under the FLSA:

**All Mechanics in the last three years.**

49.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

50.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were not paid an overtime premium for hours worked over 40 in a week;

    B.    They were subject to Defendants' common policy of classifying them as "independent contractors;"

    C.    They were subject to numerous other policies and practices as described above; and

    D.    They had the same or substantially similar job duties and requirements.

51.    Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds fifteen persons.

52.    Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

53. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

54. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

58. Defendants misclassified Plaintiff as exempt from the requirements of the FLSA.

59. Defendants failed to pay Plaintiff a sufficient overtime premium for hours worked over 40 each week.

60. Defendants failed to pay Plaintiff a sufficient minimum wage for all hours worked.

61. Defendants knew or should have known that its actions violated the FLSA.

62. Defendants' conduct and practices, as described above, were willful.

63. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

64. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

66. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

69. Defendants misclassified Plaintiff and other similarly situated employees as exempt from the provisions of the FLSA.

70. Defendants failed to pay Plaintiff and similarly situated employees an overtime premium for hours worked over 40 each week.

71. Defendants knew or should have known that its actions violated the FLSA.

72. Defendants' conduct and practices, as described above, were willful.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

74. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

75. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, Plaintiff and the collective members are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the WOWA)

76. Plaintiff asserts this claim for damages and declaratory relief pursuant to the WOWA, MCL § 408.931, *et seq.*

77. Defendants were an "employer" within the meaning of the WOWA, MCLS § 408.932(d).

78. Plaintiff was an "employee" within the meaning of the WOWA, MCLS § 408.932(c).

79. The WOWA requires employers to pay employees a minimum wage for up to 40 hours each week and to pay 1.5x regular wages for all hours worked over 40 each week.

80. Defendants failed to pay Plaintiff 1.5x minimum wage for all hours worked over 40 each week.

81. Defendants failed to pay Plaintiff a sufficient minimum wage for all hours worked.

82. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the WOWA.

83. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for unpaid wages due to him in an amount to be determined at trial, plus liquidated damages and attorneys' fees, including costs.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shames Delahaye, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the WOWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the WOWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the WOWA and their related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**SHAMES DELAHAYE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com